**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MANGUR LLC, a Virginia Limited Liability Company; MANINDER ANAND, an individual; and MONICA ANAND, an individual <br><br> Defendants. | No. 15-cv-2027 (KM)(JBC) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of plaintiff Days Inns Worldwide, Inc. ("Days Inns" or "DIW"), under Fed. R. Civ. P. 55(b) for a default judgment against the defendants, Mangur LLC, Maninder Anand, and Monica Anand. (ECF no. 9)

For the reasons set forth below, I will enter a default judgment against the defendants. Days Inns is awarded $ 632,149.76. The award comprises $417,785.56 in liquidated damages and $214,364.20 in recurring fees, including prejudgment interest.

I.    **BACKGROUND**

A. **Jurisdiction**

Days Inns is a Delaware corporation with its principal place of business in New Jersey. (Compl. ¶ 1 (ECF No. 1)) Defendants are Mangur LLC, a Virginia limited liability company, Maninder Anand, and Monica Anand, who reside in and presumably are citizens of Virginia. They and other members of their

1

family, also Virginians, are the members of Mangur. (Compl. ¶¶ 2–7) More than $75,000 is in controversy. (Cplt. ¶ 8) *See* 28 U.S.C. § 1332(a). Mangur has consented to personal jurisdiction via section 17.6.3 of the February 25, 2008 franchise agreement between Mangur and DIW. (Cplt. ¶ 9)

Maninder and Monica Anand have consented to personal jurisdiction via a Guaranty that binds them to section 17 of the Franchise Agreement. (Cplt. ¶ 10)

### B. Relevant Facts

These facts are taken from the complaint. The facts, and supporting documents, are also contained in an affidavit submitted in support of the motion for default judgment. (ECF no. 9-3)

On February 25, 2008, Days Inns entered into a Franchise Agreement ("FA", Cplt. Ex. B, ECF no. 1-1) with Mangur for the operation of a 118-room Days Inn guest lodging facility at 6970 NC Highway 4, Battleboro, NC 27809. (Compl. ¶ 12; *see* FA) The Franchise Agreement had a term of 15 years and required Mangur to operate the hotel in compliance with "System Standards," "Approved Plans," and/or a "Punch List." FA § 3.2. DIW had the right to make quality assurance inspections. (Cplt. ¶ 16; FA § 4.8) Mangur was required to make periodic payments to Days Inns for royalties, system assessments, taxes, interest, reservation system user fees, and other fees ("Recurring Fees"). (Cplt. ¶ 17; FA § 7 and Schedule C) On past due amounts, interest was ayable at a rate of 1.5% per month or the maximum legal rate, if less. (Cplt. ¶ 18; FA § 7.3) Mangur agreed to make monthly reports disclosing, *inter alia,* gross room revenue, and to maintain accurate financial information. (Cplt. ¶¶ 19–20; FA § 3.6)

DIW could terminate the Franchise Agreement, on notice, for reasons including Mangur's failure to pay amounts due, failure to remedy defaults within 30 days after written notice, or receipt of two or more notices of default under the Franchise Agreement in a one year period, whether or not they were cured. (Cplt. ¶ 21; FA § 11.2) The Franchise Agreement had a liquidated

2

damages provision in the event of termination. (Cplt. ¶ 22; FA § 12.1) It provided that the non-prevailing party would pay costs, including attorney's fees, of enforcing or collecting amounts owed under the agreement. (Cplt. ¶ 23; FA § 17.4) The Franchise Agreement states that it shall be construed under the laws of New Jersey. (FA § 17.6.1)

Maninder Anand and Monica provided DIW with a written Guaranty agreement ("GA," ECF no. 1-1 at 50) of Mangur's obligations under the Franchise Agreement. They agreed that, upon Mangur's default, they would pay amounts owed, or perform or cause Mangur to perform, its obligations. The Guaranty, too, contained an attorney's fees provision. (Cplt. ¶¶ 25, 26)

According to the complaint, beginning in 2009 Mangur repeatedly defaulted on its obligations to operate the facility in accordance with System Standards and to meet its financial obligations under the Franchise Agreement. (Cplt. ¶ 27) On October 27, 2009, DIW informed Mangur in writing that it had failed a quality assurance inspection, and gave it 90 days to cure the deficiencies. (Cplt. ¶ 28) On January 26, 2010, March 25, 2010, May 24, 2010, and September 3, 2010, Mangur refused access for followup inspections. Each time DIW sent Mangur a letter stating it was in default. (Cplt. ¶¶ 29–32) On November 15, 2010, Mangur again refused access. By letter dated February 2, 2011, DIW sent Mangur a letter stating that it was in default and that it owed $90,476.08 in Recurring Fees. (Cplt. ¶ 33) By letter dated March 29, 2011, DIW informed Mangur that the amount owed had grown to $103,608.63. (Cplt. ¶ 34) By letter dated April 30, 2011, DIW sent Mangur a letter terminating the franchise agreement and stating that Mangur owed liquidated damages for premature termination in the amount of $236,000. (Cplt. ¶ 35)

Count 1 of the Complaint seeks an accounting of revenues. Count 2 seeks liquidated damages under FA § 12.1 in the amount of $236,000. Count 3 seeks actual damages in the alternative to liquidated damages. Counts 4 and 5 seek $201,087.57 in Recurring Fees owed under FA § 7 and Schedule C, under theories of breach or unjust enrichment. Count 6 seeks payment from

Maninder Anand and Monica Anand as guarantors for the obligations of Mangur.

## II.   ANALYSIS

### A. Standard of Review

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, No. CIV. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58-59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. CIV. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### B. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the

plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

DIW filed its complaint on March 20, 2015. A summons issued on March 23, 2015 (ECF No. 4) Service of a corporate entity is governed by Fed. R. Civ. P. 4(h)(1), which also incorporates the procedures of N.J. Ct. R. 4:4-4(a)(6); service of individuals is governed by Fed. R. Civ. P. 4(e)(2). I have examined the returns of service and the Certification of Bryan P. Couch, which indicate that service was properly accomplished on the defendants. (ECF nos. 5, 9-2)

By consent order, Defendants' time to answer was extended to May 28, 2015. (ECF no. 7) No answer has been filed. DIW requested entry of default, which was entered by the Clerk on June 8, 2015. (ECF no. 8) On August 14, 2015, DIW filed this motion for a default judgment. (ECF no. 9) The motion remains unopposed.

The prerequisites for default judgment have been met.

### C. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

#### 1. Factor 1: Meritorious Defense

The evaluation of the first factor is complicated, of course, by Defendants' failure to answer or to oppose this motion. My independent review of the record, however, does not suggest that the claims asserted are legally flawed or

5

that Defendants could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that DIW has successfully stated a claim for breach of both the license agreement and the guaranty.

Under New Jersey law, the elements of a breach of contract are that (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and (3) the plaintiff sustained damages as a result. *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's*, 488 A.2d 1083 (N.J. Super. Ct. App. Div. 1985)); *Peck v. Donovan*, 565 F. App'x 66, 69–70 (3d Cir. 2012) (citing *Murphy v. Implicito*, 920 A.2d 678 (N.J. Super. Ct. App. Div. 2007)).

I am satisfied that Days Inns has set forth a sufficient claim for breach of contract, and I cannot, from the limited materials before me, see any meritorious defense. Days Inns has shown the existence of two valid contracts: the Franchise Agreement and the Guaranty Agreement. (Compl. Exs. A, B) As related above, DIW has alleged numerous breaches of the Franchise Agreement in a one year period, documented by numerous default letters. It has set forth a termination of the Franchise Agreement in writing, in accordance its terms. DIW alleges damages, both actual and liquidated. Finally, it has properly alleged that the Guaranty Agreement, which makes Maninder Anand and Monica Anand personally liable for Mangur's defaults, has been breached because the damages and fees have not been paid.

Therefore, I cannot discern any meritorious defense to DIW's allegations.

### 2. Factors 2 and 3: Prejudice to Plaintiffs and Culpability of Defendants

The second and third factors also weigh in favor of default. Defendants were properly served, but have failed to appear and defend themselves in any manner. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. CIV. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) ("Plaintiffs have

been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion."). Absent any evidence to the contrary, "the Defendant[s'] failure to answer evinces the Defendant[s'] culpability in [the] default. *Id.* And "[t]here is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* at *4 (citing *Prudential Ins. Co. of America v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment)).

The only possible conclusion based on the record is that Mangur and the individual defendants breached their obligations under the Franchise Agreement and the Guaranty; that they, not DIW, are culpable for the breach; and that DIW has been prejudiced as a result. Accordingly, I find that the entry of a default judgment is appropriate.

### D. Remedies

Days Inns seeks two types of compensation, totaling $632,149.76. These consist of (1) $417,785.56 in liquidated damages, including principal and prejudgment interest, and (2) $214,364.20 in recurring fees, including principal and pre-judgment interest. The calculations and supporting documentation are set forth in the Affidavit of Suzanne Fenimore, ¶¶ 26-33 (ECF no. 9-3 at 7-8)

The defendants have submitted nothing and have failed to appear or respond in any manner. An *ex parte* hearing would thus serve little additional purpose, so I rule based on the record before me. On that record, I am obliged to grant DIW's request for the principal amount of recurring fees and liquidated damages due, plus interest as calculated in the Fenimore Affidavit.

7

### III. CONCLUSION

For the foregoing reasons, the motion is granted and a default judgment will be entered against Mangur, Maninder Anand and Monica Anand and in favor of DIW in the total amount of $632,149.76, with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

An appropriate order and judgment will issue.

Dated: March 4, 2016

*[signature]*
Hon. Kevin McNulty
United States District Judge